HOUSING WORKS, INC. Plaintiff–Counter–Defendant–Appellee,

Alicia Bruno, James Arnold, Paul Alston, Douglas Cho–Hill, Reyes Cruz, Jr., Patrick D. Dolby, Dexter C. Duskin, Earl C. Ellis, Yvette Gregory, Barry L. Harris, Iesha Jackson, Donile Knight, Takeasha Newton, Laverne Patent, Tatia Smith, Verlisa Green Summerlin, Jan Thurman, Robert Tolbert and Roberto Valderrama, Plaintiffs–Appellees,

v.

Rudolph GIULIANI, Mayor, City of New York, Lilliam Barrios–Paoli, Human Resources Administration Commissioner, Jason Turner, Human Resources Administration Commissioner, Gregory Caldwell, Human Resources Administration Deputy Commissioner, Division of Aids Services and Income Support, John A. Dereszewski, Division of Aids Services and Income Support Director of Contract Services, Richard Bonamarte, Human Resources Administration Agency Chief Contracting Officer, Neal L. Cohen, Department of Health (DOH) Commissioner, James Capoziello, DOH Acting Chief Contracting Officer, The City of New York, Defendants–Counter–Claimants–Appellants,

Randy M. Mastro, Deputy Mayor, City of New York, Elizabeth Kaswan, Chief Procurement Officer, City of New York, Lou–Ellen Barkan, Chief of Staff to Deputy Mayor Randy Mastro; Jack McKay, Human Resources Administration General Counsel, Defendants–Appellants,

Fran Reiter, Deputy Mayor, City of New York and Mitchell Netburn, DOH Agency Chief Contracting Officer, Defendants–Counter–Claimants,

Jack Hiralall, P.C. and Mark Hoover, HRA, Defendants.

Nos. 01–9436, 01–9440.

United States Court of Appeals, Second Circuit.

Jan. 3, 2003.

Matthew D. Brinckerhoff (David H. Gans, on the brief), Emery Cuti Brinckerhoff & Abady P.C., New York, N.Y., for Plaintiffs–Appellees.

Alan Beckoff (Stephen J. McGrath, Nadine Rivellese, Bob Bailey, on the brief),

for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y., for Defendants–Appellants.

Present: MESKILL, CALABRESI, and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

The defendants appeal a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*) denying their motion to dismiss, on the grounds of qualified immunity, the plaintiffs' claims of violations of 42 U.S.C. § 1983. The motion to dismiss was brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. We agree with the district court that the plaintiffs have pled sufficient facts to survive the defendants' motion.

The district court's published opinion provides a complete account of the relevant background of this appeal. *Housing Works v. Turner,* 179 F.Supp.2d 177 (S.D.N.Y.2001). We therefore limit our discussion to the defendants' two arguments on appeal: that they should have been accorded qualified immunity (1) against the plaintiffs' claims for violations of the First Amendment and (2) against the plaintiffs' claims for violations of the Equal Protection Clause. We review the district court's denial of the defendants' motion to dismiss on the pleadings de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party, here the plaintiff. *Patel v. Searles,* 305 F.3d 130, 134–35 (2d Cir.2002).

A government official sued in his or her individual capacity is entitled to qualified immunity: (1) when the conduct complained of is not prohibited by federal law; (2) even when such conduct is prohibited, if the plaintiff's right to be free from such conduct was not clearly established at the time of the conduct; or (3) if the defendant's action was objectively reasonable in light of the legal rules clearly established at the time it was taken. *See X–Men Sec., Inc. v. Pataki,* 196 F.3d 56, 65–66 (2d Cir.1999).

The defendants first argue that, on the facts pled, they are entitled to qualified immunity for any alleged violations of the First Amendment. The parties agree that at the time of the relevant actions, it was clearly established that "the First Amendment protects independent contractors from the termination of at-will government contracts in retaliation for their exercise of the freedom of speech." *Bd. of County Comm'rs v. Umbehr,* 518 U.S. 668, 670, 673, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996). To date, however, the Supreme Court has held that an independent contractor has a First Amendment right against retaliation only where there is a "pre-existing commercial relationship" between the parties. *Id.* at 685, 116 S.Ct. 2342 ("[W]e emphasize the limited nature of our decision today. Because Umbehr's suit concerns the termination of a pre-existing commercial relationship with the government, we need not address the possibility of suits by bidders or applicants for new government contracts who cannot rely on such a relationship.") This court has yet to go beyond *Umbehr* on this point and we have recently held that, while independent contractors' right against retaliation may in fact extend to situations where there is no pre-existing commercial relationship, such an extension is not yet clearly established and consequently, a defendant against such a claim is entitled to qualified immunity. *African Trade &*

*Info. Ctr., Inc. v. Abromaitis*, 294 F.3d 355 (2d Cir.2002).

The defendants in this case argue that they are entitled to qualified immunity because, they assert, the facts pled fall into that class of cases that *Umbehr* has expressly left undecided. They base this claim on the fact that at the time of the alleged retaliatory actions, there was no contract between the City of New York and the plaintiffs. The defendants' argument presupposes, however, that when the Supreme Court in *Umbehr* said "pre-existing *commercial* relationship," it meant only continuing *contractual* relationships. This is too parsimonious a reading. Had the Court intended to limit *Umbehr* to situations where there was a continuing contract, it would have used language to that effect. Its choice of the broader term "commercial relationship" shows in no uncertain terms that the right of independent contractors against retaliation extends beyond cases of existing contracts. *See Umbehr*, 518 U.S. at 708–09, 116 S.Ct. 2342 (Scalia, *J.*, dissenting). So too does the Court's decision on the same day in *O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 116 S.Ct. 2353, 135 L.Ed.2d 874 (1996), which held that the First Amendment right against retaliation applied where the plaintiff, an independent contractor, did not have a continuing contract with the defendant, but was merely placed on a list of available contractors. *See id.* at 721 (holding it sufficient that there was "a relationship that, based on longstanding practice, [the plaintiff] had reason to believe would continue").

The plaintiffs' complaint alleges that Housing Works had a longstanding relationship with the City of New York to provide a variety of services to the homeless and to people with AIDS, a relationship evidenced by a number of contracts with the City of New York. The district court correctly concluded that the plaintiffs had alleged a "pre-existing commercial relationship" within the clearly established limits of *Umbehr*. It therefore properly rejected the defendants' arguments that they enjoyed qualified immunity against the plaintiffs' claims of First Amendment retaliation.

The plaintiffs also allege violations of the Fourteenth Amendment, arguing that they have "been intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). The defendants contend on appeal that "[t]his claim is merely a restatement of Housing Works's First Amendment claim and should have been dismissed on that basis." Here the defendants seem wrongly to assume that if retaliatory treatment does not violate the First Amendment, it then has a "rational basis," as that term is used in equal protection jurisprudence. The error of this position is well explicated by the district court's clear analysis of the plaintiffs' equal protection claim. 179 F.Supp.2d at 199–201. In any case, since the defendants have chosen to rest their equal protection argument entirely on their First Amendment argument, and since the latter fails, the defendants have not made a case for qualified immunity for the alleged violations of the Equal Protection Clause.

Accordingly, we AFFIRM the judgment of the district court.